IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA JENSEN,

    **Plaintiff,**

v.                                                      CASE NO. 25-3191-JWL

JEFF ZMUDA, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). The Court granted Plaintiff leave to proceed in forma pauperis. On October 3, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until November 3, 2025, in which to respond and show good cause why this matter should not be dismissed for the reasons set forth in the MOSC.

Plaintiff has failed to respond to the MOSC by the Court's deadline. The Court's MOSC was mailed to Plaintiff at his address of record at LCF. The mail was returned, noting that Plaintiff refused delivery of the MOSC. (Doc. 7.) Federal Rule of Civil Procedure 77(d) provides that orders are served according to Rule 5(b). Fed. R. Civ. P. 77(d). Rule 5(b) provides that a paper is served by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *see also Elrod v. Swanson*, 478 F. Supp. 2d 1252, 1260 (D. Kan. 2007) (finding that Rule 5(b)(2)(C) was complied with and stating that the court's administrative procedures provide that pro se filers will receive orders of the court by first class mail, and rejecting request by prisoner to receive court orders by certified mail).

1

Plaintiff alleges that he is bringing a class action based on diversity of citizenship. (Doc. 1, at 1.) Plaintiff's claims are based on the law library at the Norton Correctional Facility ("NCF). Plaintiff's purported class consists of all current and former inmates. *Id*. at 5. Plaintiff claims that the NCF law library is closed on weekends, and five evenings per week. *Id*. at 6. Plaintiff alleges that this causes limited access to the law library. *Id*.

The Court found in the MOSC that Plaintiff in no longer housed at NCF; a § 1983 claim must be based on the violation of Plaintiff's personal rights and not the rights of someone else; and the right to access the courts does not guarantee inmates the right to a law library or to legal assistance, but merely to "the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 U.S. 343, 350–51 (1996) (quoting *Bounds v. Smith,* 430 U.S. 817, 825 (1977)). The right to access the courts is "only [the right] to present . . . grievances to the courts," and does not require prison administrators to supply resources guaranteeing inmates' ability "to litigate effectively once in court" or to "conduct generalized research." *Id*. at 354, 360. The Court found in the MOSC that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis*, 518 U.S. at 349 ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim." (Doc. 5, at 7.) Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why this matter should not be dismissed for failure to state a claim.

3

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated November 5, 2025, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
